Battle, J.
 

 The bill of exceptions filed by the defendant,
 
 *431
 
 presents several distinct objections to the plaintiff’s right to recover, of which it is necessary to decid e one only — that being clearly in favor of the defendant, and entitling him to a
 
 venire de novo.
 
 Tire provisions of the ordinance, for the violation of which the warrant was sued out, seem to have been misapprehended by his Honor in the Court below. No penalty is given against a retailer of spirituous liquors in the town of Lincolnton, for merely keeping or opening his shop on the Sabbath day, for the purpose of selling or giving spirituous liquors to any person ; but it is given for each
 
 act of selling or giving such liquors
 
 on that day, for other than medical purposes. The defendant could not, then, be held to have violated the ordinance, until he had kept or opened his shop on the Sabbath day,
 
 and ■ had sold to E. J. Alexander
 
 a. quantity of spirituous liquors, for other than medical purposes. The allegations of the warrant, which stands for the plaintiff’s declaration,
 
 (Dufy
 
 v.
 
 Averitt,
 
 5 Ire. Rep. 455,) must be substantially proved ; but that they were not so as to the defendant’s selling or giving a quantity of spirituous liquors to Mr. Alexander, was manifest., and was so stated by his Honor. He ought, then, to have instructed the jury that the plaintiffs had failed to establish their case, and that the defendant was entitled to a verdict. Instead of doing this, he instructed them, that the defendant was guilty under another clause of the ordinance, when, by a proper construction of that clause, it appears not to have denounced against the defendant any penalty whatever. For this error there must be a
 
 venire de novo.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo
 
 awarded.